UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLYDE MILLER,

    Plaintiff,

v.                                        Case No.: 8:25-cv-1055-TPB-LSG

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The plaintiff Clyde Miller moves unopposed for an award of $4,187.97 in attorney's fees under the Equal Access of Justice Act (the "EAJA"), 28 U.S.C. § 2412(d). Doc. 20. Shortly after Miller filed an opening brief, the Commissioner moved unopposed to remand this action under sentence four of 42 U.S.C. § 405(g). Doc. 15. An order grants that motion, and the Clerk entered a judgement in favor of Miller and against the Commissioner. Docs. 17-18.

The EAJA permits an award of "fees and other expenses" incurred by the prevailing party in certain civil actions against the United States unless the position of the United States was substantially justified or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A "party" means "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). As demonstrated by his motion to proceed *in forma pauperis*, Doc. 2, Miller qualifies as a "party" based on his net worth at the time of filing. Miller argues

and the Commissioner effectively concedes that neither a substantial justification nor a special circumstance warrant denying the request for fees. Doc. 20 at 4.

As the prevailing party, Miller timely[1] moves for an award of attorney's fees under the EAJA. *See* 28 U.S.C. § 2414(d)(1)(A); *cf. Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party), *superseded by rule on other grounds*, Fed. R. Civ. P. 58(c)(2)(B). After an order awarding EAJA fees, the United States Department of the Treasury determines whether the plaintiff owes a debt to the government. *See Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010) ("A § 2412(d)(1)(A) attorney's fees award is payable to the litigant and is therefore subject to an offset to satisfy the litigant's pre-existing debt to the Government."). Absent a federal debt, the government will accept Miller's assignment of EAJA fees and pay the fees directly to his attorney.

The Commissioner consents to the requested relief. Additionally, Miller's counsel files a legal memorandum, a billing ledger, and affidavits in support of the unopposed motion. Docs. 20, 20-2, 20-4 to 20-6. Because the fees and hours charged by Miller's attorney appear reasonable, and for the reasons stated by Miller, I recommend granting the unopposed motion for attorney fees under the EAJA,

---

[1] The plaintiff in a social security case has thirty days beyond the sixty-day appeal window to apply for fees and other expenses under the EAJA, for a total of ninety days after judgment. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); Fed. R. App. P. 4(a)(1)(B); *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1343 (M.D. Fla. 2002). Here, Miller timely filed an application for fees on November 12, 2025, Doc. 20, seventy-nine days after judgment. Doc. 18. *See also* Fed. R. Civ. P. 6(a)(1)(C).

2

Doc. 20. Miller should receive $4,187.97 in attorney's fees under the EAJA. Unless the Department of Treasury determines that Miller owes a federal debt, the defendant must pay the fees to Miller's counsel in accord with the assignment of fees. Doc. 20-1.

**REPORTED** in Tampa, Florida, on this 13th day of November, 2025.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from the day of service of this report either to file written objections to the proposed findings and recommendation or to seek an extension of the fourteen-day deadline. 28 U.S.C. § 636(b)(1)(C). Under Eleventh Circuit Rule 3-1, a party failing to object to a magistrate judge's findings or recommendations "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). If the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.